IN THE CIRCUIT COURT OF BOLIVAR COUNTY, MISSISSIPPI

DANNY DYKES, INDIVIDUALLY AND
ON BEHALF OF THE ESTATE AND
WRONGFUL DEATH BENEFICIARIES
OF JAMES A. DYKES, DEACEASED                          PLAINTIFFS

v.                                                             CAUSE NO. 2015-0027

CLEVELAND NURSING & REHABILITATION
CENTER and JOHN AND JANE DOES I-X                          DEFENDANTS

<u>COMPLAINT</u>
*(Jury Trial Demanded)*

COMES NOW the Plaintiff, Danny Dykes, Individually and On Behalf of The Estate and Wrongful Death Beneficiaries of James A. Dykes, Deceased and files this civil action for damages against the Defendants, Cleveland Nursing and Rehabilitation Center and John and Jane Does I-X. Plaintiffs state the following in support of her Complaint:

## I. PARTIES

1. The Plaintiff Danny Dykes is currently a resident of Bolivar County, Mississippi.

2. The Defendant Cleveland Nursing and Rehabilitation Center is a nursing home facility located at 4036 Highway 8 East, Cleveland. Cleveland Nursing and Rehabilitation Center can be served by delivering a copy of the Complaint and Summons to its registered agent, United Corporate Services, Inc., 401 East Capitol Street, 100-M Heritage Building, Jackson, Mississippi 39201.

3. Defendants John and Jane Does I-X are believed to be other staff, doctors, nurses, agents, representatives, and/or agents of Defendant who may be liable to the Plaintiffs by virtue of their relationship to the claims alleged herein. The identity of the unknown Defendants cannot be determined at this time. The Plaintiffs will amend their Complaint so as to identify and

**FILED**
APR 20 2015
BOLIVAR COUNTY, MS
MARILYN L. KELLY, CIRCUIT CLERK
BY _____ D.C.

include one or more of the unknown Defendants at such time as their identities and responsibilities are established.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction over the parties in the subject matter herein. This Court is the proper venue in the matter as certain of the Defendants are located in Cleveland, Mississippi.

5. Venue is proper in this county as set forth in Miss. Code Ann. § 11-11-3(3).

6. The Plaintiffs provided proper notice to the Defendants prior to filing the complaint as required by Mississippi Code Annotated Section 15-1-36(15). See Notice Letter attached hereto as Exhibit "A."

## III. FACTUAL BACKGROUND

7. While a resident at Defendant Cleveland Nursing and Rehabilitation Center, Mr. Dykes suffered from multiple falls, dehydration, malnutrition/anorexia, skin breakdowns/decubitus ulcers, indignity, physical and emotional pain and suffering and wrongful death.

8. Mr. Dykes was hospitalized on February 19, 2013, and on numerous other occasions due to severe malnutrition and anorexia. Mr. Dykes also underwent wound care treatment for numerous decubitus ulcers and skin breakdowns. Mr. Dykes eventually died on September 3, 2014.

## IV. CLAIMS

9. The averments of the foregoing paragraphs are incorporated herein as if set forth at length below.

10. At all pertinent times hereto, Cleveland Nursing and Rehabilitation Center and respective agents and/or employees of the same owed a non-delegable duty to James Dykes to provide professional healthcare services consistent with the nationally recognized minimally acceptable levels of competency which they would be expected to possess and apply given their qualifications and levels of expertise which they held themselves out as possessing, considering the circumstances of the patient's case. Defendants breached said duty, actually and proximately causing damages and death to Mr. Dykes.

## COUNT I - NEGLIGENCE AND NEGLIGENCE *PER SE*

11. Plaintiff incorporates herein by reference the averments contained in the foregoing paragraphs of the Complaint.

12. At all times relevant hereto, Defendants acted, or failed to act, through their agents, servants and/or employees, physicians, nurses, nurses' assistants, orderlies, and other staff, and are legally liable for all harm caused by their negligence to James Dykes and his wrongful death beneficiaries as set forth herein.

13. At all times relevant hereto, Defendants, operated, controlled and supervised the activities of all individuals charged with the care of James Dykes as averred herein, and had a duty to assure their compliance with Federal and State statutes, criminal laws, regulations and standards of care for an a care facility such as that of Cleveland Nursing and Rehabilitation Center.

14. At all times relevant hereto, Defendants' actions and inactions, and those of its employees, agents or servants, constituted breaches and violations of the standard of care which are set forth in applicable federal and state regulations.

15. The negligence of Cleveland Nursing and Rehabilitation Center includes but is not limited to:

a. Failure to supervise and to train staff to provide adequately trained staff in sufficient numbers in order to furnish reasonable, safe, efficient and effective care to James Dykes, thereby increasing the risk of harm to him, which harm did occur, due to failure to supervise and monitor the whereabouts and condition of Mr. Dykes;

b. Failure to adequate create and follow through with an adequate care plan, which proximately resulted in the injuries and death to Mr. Dykes;

c. Negligence *per se* due to the failure of Defendants to comply with applicable State and Federal Regulations;

d. Failure to promulgate rules, regulations, protocols or procedures so as to cause employees and all persons conducting business within their respective premises to provide care to James Dykes within accepted standards; and

e. Failure to document and monitor Mr. Dyke's condition as required by the Defendants' own policies and Mississippi and federal law; and

f. Fraudulent and/or reckless concealment of Mr. Dykes's wounds from him and his family and/or concealment of the significance of said wound and reckless disregard for Mr. Dykes's healthcare needs which prevented decedent and Plaintiffs from obtaining prompt care to mitigate the damages and injuries alleged herein.

g. Failure to turn and reposition Mr. Dykes in order to avoid development and worsening of decubitus ulcers.

4

16. All of the negligence and other actions, inactions and breaches by individual employees of Cleveland Nursing and Rehabilitation Center are also imputed to the Defendants by way of respondeat superior.

17. The Defendants acted with and demonstrated a willful, wanton, and/or reckless disregard for the safety and well-being of James Dykes, and therefore are liable for his death under the theory of gross negligence.

18. Due to the foregoing, Plaintiffs request damages.

### COUNT II – WRONGFUL DEATH

19. Plaintiff incorporates herein by reference the averments contained in the foregoing paragraphs of the Complaint.

20. The negligence, actions or inactions, and/or omissions of the Defendants was the proximate cause of Mr. Dykes' death This cause of action is expressly allowed under Miss. Code Ann. §11-7-13.

21. Due to the foregoing, Plaintiffs request damages.

### COUNT III – RESPONDEAT SUPERIOR

22. Plaintiff incorporates herein by reference the averments contained in the foregoing paragraphs of the Complaint.

23. Defendants are responsible for the acts and omissions including the negligence and gross negligence of its employees and agents under the theory of respondeat superior.

24. The negligence and gross negligence of Defendants which breached the standard of care owed to Mr. Dykes, caused Mr. Dykes great harm, damage and death. Such negligence and gross negligence is imputed to Defendants.

25. Due to the foregoing, Plaintiffs request damages.

## DAMAGES

26. As a direct and proximate result of the negligence and other actions, inactions, and omissions of the Defendants, which are detailed herein, the Estate of James Dykes, deceased, Danny Dykes, for and on behalf of the Estate of James Dykes, Deceased, and the wrongful death beneficiaries of Mr. Dykes have suffered the following damages:

    a. Psychological and emotional trauma, distress, worry, anxiety, and mental suffering of James Dykes;

    b. Physical pain and suffering of James Dykes;

    c. Loss of enjoyment of life of James Dykes;

    d. Wrongful death;

    e. Loss of the love, companionship, and society of James Dykes by the wrongful death beneficiaries of James Dykes;

    f. Funeral and burial expenses;

    g. Punitive damages and all other damages allowed by the laws of the State of Mississippi for the reckless disregard of Mr. Dykes' condition and concealment of the danger to Mr. Dykes and significance of his wounds;

    h. All other damages allowed by the laws of the State of Mississippi.

## DEMAND FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon a trial of this matter, a judgment will be returned in excess of the minimum jurisdictional limits of this Court, plus pre-judgment interest, and all reasonable costs.

Respectfully submitted, this the 28th day of April, 2015.

> DANNY DYKES, FOR AND
> ON BEHALF OF THE ESTATE AND
> WRONGFUL DEATH BENEFICIARIES
> OF JAMES DYKES, DEACEASED
>
> By: _/s/ John F. Hawkins_
> John F. Hawkins, Esquire

OF COUNSEL:

John F. Hawkins, Esquire (MSB#9556)
HAWKINS | GIBSON, PLLC
628 North State Street (39202)
Post Office Box 24627
Jackson, Mississippi 39225-4627
Telephone: (601) 969-9692
Facsimile: (601) 914-3580

David Norquist, Esquire
DAVID NORQUIST LAW OFFICE, PLLC
Post Office Box 1379
301C West Sunflower Road
Cleveland, MS 38732-1209
Telephone (662) 843-1500
Facsimile: (662) 843-0500

## ATTORNEY CERTIFICATE

1. I am a competent adult resident citizen and an attorney licensed to practice in all Courts in the State of Mississippi and is a member in good standing of the Mississippi Bar.

2. I have reviewed the facts of the case as set forth in the preceding Complaint and have consulted with at least one expert qualified pursuant to the Mississippi Rules of Civil Procedure and the Mississippi Rules of Evidence to give expert testimony as to the standard of care or negligence and damages proximately caused thereby.

3. I believe said expert is knowledgeable in the relevant issues as set forth in the Complaint. Based on our review and consultation, there is a reasonable basis for the commencement of the instant action.

_/s/ John F. Hawkins_
John F. Hawkins, Esquire