IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**DANNY DYKES, Individually and on behalf of the Estate and Wrongful Death Beneficiaries of James A. Dykes, Deceased**  PLAINTIFF

**V.**  NO. 4:15-CV-00076-DMB-JMV

**CLEVELAND NURSING & REHABILITATION CENTER; and JOHN AND JANE DOE I–X**  DEFENDANTS

## ORDER

On November 14, 2016, Cleveland Nursing & Rehabilitation Center filed a renewed motion to compel arbitration arguing that Billy Dykes acted as the agent for James Dykes when he signed an arbitration agreement. Doc. #40. In the memorandum accompanying the motion, Cleveland "respectfully requests that the Court set this motion for an evidentiary hearing and require Billy Dykes to appear for examination." Doc. #41 at 9.

Danny Dykes argues that a hearing is unnecessary because "[e]ven if an evidentiary hearing did reveal facts suggesting that James [Dykes] authorized Billy [Dykes] to execute the arbitration agreement, James indisputably lacked the competency to do so." Doc. #44 at 8. In reply, Cleveland argues that Danny's argument must be rejected because "record evidence demonstrates that James Dykes was capable on [sic] conferring actual authority to Billy just days before his admission." Doc. #45 at 3. Cleveland further states that "if the Court is not willing to hold such a hearing, Cleveland requests that the Court order Plaintiff to provide a medical authorization so Cleveland can obtain medical records from James Dykes' hospitalization the week before his admission to Cleveland." *Id*. at 4–5.

This Court has previously observed that "when the making of an arbitration agreement is in issue, a district court may determine the existence of an arbitration agreement based on a paper record when either: (1) the evidentiary record reveals no genuine issue of material fact, or (2) the parties were afforded a sufficient opportunity to argue and develop the evidentiary record." *Dalon v. Ruleville Nursing and Rehab. Ctr. LLC*, 161 F.Supp.3d 406, 411 (N.D. Miss. 2016) (internal citations and footnotes omitted). While "[c]ourts have generally denied arbitration related discovery absent a compelling showing that such discovery is required," this Court, in the interest of judicial efficiency, has allowed arbitration-related discovery where a motion to compel implicates the existence of actual authority, an issue involving facts often solely in the control of a single party. *See Cotton v. GGNSC Batesville, LLC*, No. 3:13-cv-169, 2014 WL 369066, at *5 (N.D. Miss. July 23, 2014) ("Although Defendant has failed to offer a compelling showing that the entirety of the requested discovery is required, the Court concludes that a deposition of Plaintiff is permissible to answer questions regarding her authority.").

Upon consideration, the Court concludes that a limited period of discovery is appropriate in this action to either obviate the potential need for an evidentiary hearing or to narrow the issues for such a hearing. Accordingly, Cleveland shall have twenty-one (21) days from the date of this order to (1) propound discovery related to James Dykes' competency one week before his admission to Cleveland[1] and (2) if desired, depose Billy Dykes on the issue of actual authority. No later than fourteen (14) days following the close of this discovery period, Cleveland may file a supplemental brief, not to exceed ten (10) pages, addressing the impact of the discovery on the issue of actual authority. Should Cleveland file a supplemental brief, Danny may file a

---

[1] Should Cleveland propound discovery on Danny, Danny shall respond to such discovery within fourteen (14) days of service. Should Cleveland propound discovery requests on any third party, Cleveland shall promptly provide a copy of any documents obtained to Danny once they are received.

supplemental response, also not to exceed ten (10) pages, within fourteen (14) days of such filing. Finally, no later than May 5, 2017, Danny is directed to comply with the March 8, 2016, order issued by United States Magistrate Judge Jane M. Virden, which provided "Plaintiff must execute an appropriate, HIPAA-compliant medical authorization." Failure to execute the required medical authorization by May 5, 2017, will result in sanctions up to dismissal of this action.

**SO ORDERED**, this 1st day of May, 2017.

/s/ **Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**