# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

DANNY DYKES, INDIVIDUALLY AND
ON BEHALF OF THE ESTATE AND
WRONGFUL DEATH BENEFICIARIES
OF JAMES A. DYKES, DECEASED                                          PLAINTIFF

V.                                    CIVIL ACTION NO. 4:15-cv-00076-DMB-JMV

CLEVELAND NURSING & REHABILITATION
CENTER and JOHN AND JANE DOES I-X                                DEFENDANTS

## AGREED PROTECTIVE ORDER

       The Plaintiff, Danny Dykes, Individually and on behalf of the Estate and Wrongful Death Beneficiaries of James A. Dykes, Deceased, has requested that the Defendant produce certain confidential, commercial, and proprietary documents and tangible items (the "Protected Documents"). In order to preserve and maintain the confidentiality of such documents, the parties have agreed to the terms contained in this Order.

       1.      The Defendant has objected to producing the Protected Documents because they contain confidential and proprietary information or trade secrets ("Confidential Information") of importance and value to the Defendant.

       2.      The Plaintiff and the Defendant acknowledge that disclosure of such Confidential Information to, or use of such Confidential Information by, any person or entity not a party to the lawsuit, or in any context other than this lawsuit, could cause commercial or financial harm to the Defendant.

       3.      Recognizing the need to protect the Confidential Information contained in the Protected Documents, the parties have agreed to the following provisions.

       4.      The documents subject to this Order shall hereafter and for the remainder of this litigation be referred to as "Protected Documents." When used in this Protective Order, the word

"documents" means all written material, videos, and all other tangible items. The Protected Documents shall be marked by the Defendant as "Pursuant to Protective Order," "Confidential," "Protected," or identified in written discovery responses or other documents with specific Bates numbers or other designation as being produced subject to this Protective Order. Any "Confidential" indication or designation shall apply not only to the original materials, but also to all copies, excerpts, abstracts, analyses, and summaries thereof.

5. The term "disclosure" includes, but is not limited to, the transmittal of information, whether verbal, written, typed, printed, gestured or by other manner, regarding the content of the Protected Documents.

6. The Protected Documents are subject to this Protective Order and may, even though protected, be distributed, shown, and disseminated to the following persons ("Qualified Persons"):

    (a) The Plaintiff and Plaintiff's counsel of record in this case, including other members of counsel's law firm;

    (b) Employees of Plaintiff's counsel;

    (c) Experts and consultants retained by the Plaintiff for the preparation or trial of this case, provided that no disclosure shall be made to an expert or consultant who is employed by a competitor of the Defendants;

    (d) The Judge, the Judge's staff, witnesses and jurors in this case; and

    (e) Mediator(s) retained or hired to help resolve this litigation, if any.

7. Before a Qualified Person described in paragraph 6(c) and (e) is given access to any of the Protected Documents or the information contained therein, the Qualified Person shall first be provided with a copy of this Agreement and shall sign the Acknowledgment Addendum, acknowledging that s/he agrees to be bound by the terms of the Protective Order and will consent to the jurisdiction of the Court for purposes of enforcing this Protective Order. The Plaintiff shall maintain a list of the names and addresses of all persons who have had access to the Protected

Documents or their contents, in whole or in part, and all signed acknowledgements as required by this paragraph. Such list and acknowledgements shall be subject to the Judge's review at any time, and upon Order of the Court, to Defendant's counsel.

8. Neither the Plaintiff nor Plaintiff's Counsel, nor any other person or party described in paragraph 6 above, may post or upload Protected Documents on any website or internet accessible document repository, other than that which is utilized by Qualified Persons and solely accessible to Qualified Persons in the ordinary course of their business in the preparation or presentation of this litigation.

9. To the extent that Protected Documents or information contained therein are used in the taking of depositions, the Protected Documents and information contained therein shall remain subject to the provisions of this Order; the same, however, may be shown to witnesses being deposed, the court reporter, and/or videographer after apprising that person of the provisions of this Order. Any portion of a deposition that contains or refers to Confidential Information or Protected Documents may within twenty days of receipt of the deposition transcript be marked Confidential and will be subject to the procedures set forth in this Protective Order.

10. Counsel for the Plaintiff and counsel for the Defendant agree and understand that these Protected Documents may only be used in the civil action styled *Danny Dykes, Individually and on behalf of the Estate and Wrongful Death Beneficiaries of James A. Dykes, Deceased v. Cleveland Nursing and Rehabilitation Center, LLC and John and Jane Does I-X*, Civil Action No. 4:15-CV-00076-DMB-JMV, in the United States District Court, Northern District of Mississippi, Greenville Division, without waiving any objections asserted by any Party subject to this Order. Any use or attempted use of these Protected Documents, or any information contained therein, in any other matter or for any reason other than this litigation, without the express written consent of the Defendant, is strictly prohibited.

11. Notwithstanding anything to the contrary herein, if counsel for any party intends to file a document with the Court that contains any portion of any Protected Document or information taken from any Protected Document, that counsel shall notify the producing party (assuming the opposing party is the producing party) before filing. The producing party shall then, within three business days of such notice, make any application they deem necessary under Local Rule 79 to maintain the confidential status of such information, documents, affidavits, testimony or other exhibits. Such filing shall comply with Local Rule 79. If, pursuant to Local Rule 79, the Court finds that the document containing Protected information shall not be sealed, then the document may be filed without seal.

12. The Order shall not apply to the disclosure of Protected Documents or the information contained therein at the time of hearing or trial. Prior to the commencement of any public hearing or trial, the parties may request the Court or Judge to establish procedures for the use of the Protected Documents at such hearing or trial.

13. This Order shall continue to be binding after termination of this litigation. At the conclusion of this litigation by appeal or otherwise, Plaintiff will return to the Defendant all information and documents, including any copies made by Plaintiff's counsel pursuant to paragraph 6(a) – (e) herein, produced and designated as "confidential" pursuant to this Protective Order within thirty (30) days of a written request from the Defendants. To the extent Protected Documents are scanned and/or saved electronically, Plaintiff and Plaintiff's counsel will use commercially reasonable efforts to delete those documents permanently from their computers, electronic systems, and servers. However, to the extent such Protected Documents are not permanently deleted after Plaintiff and Plaintiff's counsel have used commercially reasonable efforts to do so, this Order will remain in effect and those documents shall remain confidential in perpetuity consistent with the terms of this Order, unless otherwise ordered.

IT IS SO ORDERED, THIS THE 5th DAY OF DECEMBER, 2017.

/s/ Jane M. Virden
UNITED STATES MAGISTRATE JUDGE

APPROVED FOR ENTRY:

**COUNSEL FOR THE PLAINTIFF**

 */s/ Jason M. Kirschberg*
Jason M. Kirschberg
GADOW | TYLER, PLLC
511 E. Pearl Street
Jackson, Mississippi  39201
Jason@gadowtyler.com

John F. Hawkins
HAWKINS GIBSON, PLLC
628 North State Street (39202)
Post Office Drawer 24627
Jackson, Mississippi  39225-4627
john@hgattorneys.com

David Norquist
DAVID NORQUIST LAW OFFICE, PLLC
Post Office Box 1379
301C West Sunflower Road
Cleveland, Mississippi  38732-1209
david@dnlawpllc.com

R. Paul Williams, III
WILLIAMS NEWMAN WILLIAMS, PLLC
Post Office Box 23785
129B South President Street
Jackson, Mississippi  39225
paul@wnwlegal.com

*/s/ Clay Gunn*
Bradley W. Smith (MSB No. 9834)
bsmith@bakerdonelson.com
Clay Gunn (MSB No. 102920)
cgunn@bakerdonelson.com
Adria H. Jetton (MSB No. 104094)
ajetton@bakerdonelson.com
BAKER, DONELSON, BEARMAN, CALDWELL &
BERKOWITZ, PC
MAILING:  Post Office Box 14167
Jackson, Mississippi  39236-4167
PHYSICAL:  One Eastover Center
100 Vision Drive, Suite 400
Jackson, Mississippi  39211

**COUNSEL FOR THE DEFENDANT**

## Acknowledgment Addendum

1. Print Name   _____

   Signature    _____

2. Print Name   _____

   Signature    _____

3. Print Name   _____

   Signature    _____

4. Print Name   _____

   Signature    _____

5. Print Name   _____

   Signature    _____