# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## GREENVILLE DIVISION

**DANNY DYKES, Individually and on**                                                 **PLAINTIFF**
**behalf of the Estate and Wrongful Death**
**Beneficiaries of James A. Dykes, Deceased**

**V.**                                                                    **NO. 4:15-CV-76-DMB-JMV**

**CLEVELAND NURSING &**
**REHABILITATION CENTER; and**
**JOHN AND JANE DOES I–X**                                                   **DEFENDANTS**

## ORDER

This medical malpractice action is before the Court for consideration of Danny Dykes' motion in limine. Doc. #103.

## I
## Procedural History

On April 20, 2015, Danny Dykes filed a complaint in the Circuit Court of Bolivar County, Mississippi, individually and on behalf of the estate and wrongful death beneficiaries of James A. Dykes, deceased, against Cleveland Nursing & Rehabilitation Center and "John and Jane Does I-X." Doc. #2. In his complaint, Danny alleges that James died as a result of negligence while a patient at the defendant's nursing home facility. *Id*. at ¶¶ 7–8, 12. Cleveland Nursing subsequently removed the state action to this Court on the ground of diversity jurisdiction. Doc. #1 at ¶ 4.

On May 9, 2018, following a period of discovery and two unsuccessful motions to compel arbitration by Cleveland Nursing, Danny filed a motion in limine. Doc. #103. Cleveland Nursing responded in opposition to the motion. Doc. #109. Danny did not reply.

## II
## Standard

"The purpose of a motion in limine is to allow the trial court to rule in advance of trial on

the admissibility and relevance of certain forecasted evidence. Evidence should not be excluded in limine unless it is clearly inadmissible on all potential grounds." *Harkness v. Bauhaus U.S.A., Inc.*, No. 3:13-cv-129, 2015 WL 631512, at *1 (N.D. Miss. Feb. 13, 2015) (quotation marks and citations omitted).

# III
# Analysis

Danny's motion in limine seeks to exclude from trial: (1) evidence related to his June 22, 2009, conviction for statutory rape; and (2) collateral source payment information related to the care of James.

### A. 2009 Conviction

Federal Rule of Evidence 609(a) allows a party to "attack[] a witness's character for truthfulness by evidence of a criminal conviction." If the conviction is for a crime punishable "in the convicting jurisdiction … by death or by imprisonment for more than one year," the conviction is admissible "subject to Rule 403." Fed. R. Evid. 609(a)(1). If, however, the conviction is for a crime for which "the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement[,]" the conviction is admissible without regard to Rule 403. *Id*. at 609(a)(2). Danny argues that evidence of his conviction must be excluded as unduly prejudicial under Rule 403.

Courts which have considered the issue have noted the high degree of prejudice likely to arise from the introduction of a statutory rape conviction and have concluded that a party seeking to use such a conviction under Rule 609(a) may introduce evidence that the witness was convicted of a felony but not evidence that the felony was statutory rape. *See, e.g., McCorvey v. Ala. River Cellulose, LLC*, No. 13-118, 2014 WL 5528219, at *2–3 (S.D. Ala. Nov. 3, 2014); *Sedney v. Blot*, No. 00-Civ-1302, 2003 WL 22839801, at *1 (S.D.N.Y. Dec. 1, 2003). These holdings are

2

consistent with the rule that "rape convictions are not generally probative of credibility." *Bibbins v. City of Baton Rouge*, 489 F.Supp.2d 562, 586 (M.D. La. 2007) (citing *Christmas v. Sanders*, 759 F.2d 1284, 1292 (7th Cir. 1985)). Finding the reasoning of these courts persuasive, this Court concludes that Cleveland Nursing is entitled to introduce evidence that Danny was convicted of a felony in 2009 but may not introduce evidence as to the type of conviction.

### B. Collateral Source Payments

Danny seeks to preclude evidence of collateral source payments of medical expenses. Cleveland Nursing, citing Mississippi law, argues that such evidence is admissible for the limited purpose of impeachment.

Under Mississippi law, "a defendant tortfeasor is not entitled to have damages for which he is liable reduced by reason of the fact that the plaintiff has received compensation for his injury by and through a totally independent source, separate and apart from the defendant tortfeasor." *Robinson Prop. Grp., L.P. v. Mitchell*, 7 So.3d 240, 244 (Miss. 2009) (quotation marks omitted). This substantive rule of damages has evidentiary implications such that evidence of collateral source payments, with very limited exceptions, is inadmissible in Mississippi courts. *Loyacono v. Travelers Ins. Co.*, 163 So.3d 932, 937 (Miss. 2014); *Robinson*, 7 So.3d at 245.

It is axiomatic that in federal diversity actions, federal law controls procedural questions while state law governs substantive issues. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). While rules of evidence are generally deemed procedural, "there are circumstances in which a question of admissibility of evidence is so intertwined with a state substantive rule that the state rule will be followed in order to give full effect to the state's substantive policy." *Woods v. Holy Cross Hosp.*, 591 F.2d 1164, 1168 n.6 (5th Cir. 1979) (alterations and quotation marks omitted). While it appears the Fifth Circuit has not directly addressed the issue, the Eleventh Circuit recently

held that a state collateral source evidentiary rule is sufficiently intertwined with the state damages rule when the evidentiary "rule is … an all-or-nothing proposition." *ML Healthcare Servs., LLC v. Publix Super Mkts, Inc.*, 881 F.3d 1293, 1301 (11th Cir. 2018). Under this inquiry, state law will control if, under state law, collateral source evidence is always inadmissible, but federal law will control if "[e]vidence concerning the receipt of collateral benefits will likely be inadmissible most of the time, but sometimes admission will be proper." *Id*.

Under Mississippi law, collateral source evidence is admissible for the limited purpose of impeaching false testimony. *Robinson*, 7 So.3d at 245. However, in announcing this rule, the Mississippi Supreme Court made clear that the collateral source rule "is in no way excepted or excluded by the impeachment of testimony." *Id*. Given this language, it is unclear whether Mississippi's collateral source rule may be deemed an all-or-nothing proposition so as to control over federal law. However, insofar as "an impeachment exception to the collateral source rule is recognized by federal courts,"[1] the Court need not decide this issue. Because under either Mississippi or federal law, Cleveland Nursing is entitled to use collateral source payments for impeachment purposes, the motion in limine will be denied to the extent it seeks to prevent such use.

**IV**
**Conclusion**

For the reasons above, Danny's motion in limine [103] is **GRANTED in Part and DENIED in Part**. The motion is DENIED to the extent it seeks to exclude evidence that Danny was convicted of a felony in 2009 and to the extent it seeks to exclude evidence of collateral source payments as impeachment evidence. The motion is GRANTED to the extent it seeks to exclude

---

[1] *See In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.*, MDL No. 1358, 2011 WL 6096934, at *7 & n.54 (S.D.N.Y. Dec. 6, 2011) (collecting cases).

specific reference to Danny's conviction of statutory rape and to the extent it seeks to exclude evidence of collateral source payments for any purpose other than impeachment.

**SO ORDERED**, this 5th day of June, 2018.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**