IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**DANNY DYKES, Individually and on**                                     **PLAINTIFF**
**behalf of the Estate and Wrongful Death**
**Beneficiaries of James A. Dykes, Deceased**

**V.**                                                                                   **NO. 4:15-CV-76-DMB-JMV**

**CLEVELAND NURSING &**
**REHABILITATION CENTER; and**
**JOHN AND JANE DOES I–X**                                                       **DEFENDANTS**

## ORDER

This medical malpractice action is before the Court for consideration of Cleveland Nursing & Rehabilitation Center's motion in limine. Doc. #108.

**I**
**Procedural History**

On April 20, 2015, Danny Dykes filed a complaint in the Circuit Court of Bolivar County, Mississippi, individually and on behalf of the estate and wrongful death beneficiaries of James A. Dykes, deceased, against Cleveland Nursing & Rehabilitation Center and "John and Jane Does I-X." Doc. #2. In his complaint, Danny alleges that James died as a result of negligence while a patient at the defendant's nursing home facility. *Id*. at ¶¶ 7–8, 12. Cleveland Nursing subsequently removed the state action to this Court on the ground of diversity jurisdiction. Doc. #1 at ¶ 4.

On May 15, 2018, following a period of discovery and two unsuccessful motions to compel arbitration by Cleveland Nursing, Cleveland Nursing filed a motion in limine. Doc. #108. Danny responded in opposition to the motion. Doc. #111. Cleveland Nursing did not reply.

**II**
**Standard**

"The purpose of a motion in limine is to allow the trial court to rule in advance of trial on

the admissibility and relevance of certain forecasted evidence. Evidence should not be excluded in limine unless it is clearly inadmissible on all potential grounds." *Harkness v. Bauhaus U.S.A., Inc.*, No. 3:13-cv-129, 2015 WL 631512, at *1 (N.D. Miss. Feb. 13, 2015) (quotation marks and citations omitted).

**III**
**Analysis**

Cleveland Nursing's motion in limine seeks to exclude from trial: (1) hearsay from James' healthcare providers; (2) evidence or argument regarding documents not produced by Cleveland Nursing; (3) lay opinion and hearsay evidence regarding James' wound; (4) evidence regarding conditions at the Cleveland Nursing facility; (5) evidence related to punitive damages; (6) statements criticizing Cleveland Nursing for not calling current or former staff members to testify; (7) testimony or evidence referencing the size or wealth of Cleveland Nursing; (8) references to Cleveland Nursing's counsel; and (9) references to prior lawsuits or complaints against Cleveland Nursing. Doc. #108 at 1–7.

**A. Hearsay**

Cleveland Nursing first seeks to exclude "hearsay testimony about what [James' family members] were told by one or more healthcare providers regarding [James'] condition." *Id.* Danny responds that he does not intend to offer such evidence.[1] Doc. #111 at 3. Accordingly, the motion in limine will be denied as moot on this point.

**B. Documents Not Produced by Cleveland Nursing**

Cleveland Nursing argues "[t]he Court should preclude any reference to documents allegedly not produced by Cleveland in response to discovery or letter requests from Plaintiffs'

---

[1] Danny represents that he "intends to offer evidence that family members personally observed fecal matter in the wound." Doc. #111 at 3. To the extent this proffered evidence is not an out-of-court statement introduced for the truth of the matter asserted, it is not inadmissible hearsay. *See* Fed. R. Evid. 801(c) (defining hearsay).

counsel." Doc. #108 at 3. Danny represents that he does not intend to offer such evidence. Doc. #111 at 3. Accordingly, the motion will be denied as moot with respect to this evidence.

### C. Lay and Opinion Testimony Regarding James' Wound

Cleveland Nursing moves to prevent various family members of James from offering opinion testimony that James developed a wound due to substandard care and that the wound would have healed had it been treated properly. Doc. #108 at 3–4. Danny responds that he does not intend to offer evidence on causation. Doc. #111 at 3. However, Danny states:

> family members are expected to testify that [James] developed a pressure sore that turned into a stage 4 decubitus ulcer while simultaneously observing that staff did not turn and reposition [James] or change his soiled diapers as frequently. Family members' observations that [James'] ulcer developed and worsened in tandem with a noticeable decline in the quality of care (i.e., less frequent turning/repositioning and diaper changes) is relevant evidence counsel intends to introduce.

*Id.*

Pursuant to Federal Rule of Evidence 701, a witness not testifying as an expert, may testify in the form of an opinion, so long as the opinion is: "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Under this rule, a lay witness may offer testimony as to medical symptoms but not as to medical diagnoses which require the application of specialized knowledge. *See, e.g., Barnes v. BTN, Inc.*, No. 1:12-cv-34, 2013 WL 1194753, at *2 (S.D. Miss. Mar. 22, 2013) ("[P]ursuant to Rule 701(c), neither Plaintiff nor any of her non-expert witnesses may testify regarding any medical diagnoses or prognoses stemming from Plaintiff's escalator fall."); *Tobeler v. Colvin*, 749 F.3d 830, 833–34 (9th Cir. 2014) ("[M]edical diagnoses are beyond the competence of lay witnesses to make. But lay witness testimony as to a claimant's symptoms … *is* competent evidence.") (quotation marks and citations omitted); *Easley v. Haywood*, No. 1:08-cv-601, 2015

3

WL 1927698, at *2 (S.D. Ohio Apr. 28, 2015) ("Pursuant to Rule 701(c), Plaintiff may testify as to injuries that a lay person could identify, but he may not testify as to medical diagnoses which require the application of specialized knowledge.").

There can be no serious dispute that the identification of pressure sores, as distinct from sores generally, and the diagnosis of stage 4 decubitus ulcers require specialized knowledge. Accordingly, Danny may not introduce lay testimony that James suffered from some medical conditions, and the motion in limine will be granted on this limited point. Danny may, however, offer lay testimony describing the symptoms suffered by James resulting from such alleged medical conditions.

### D. Conditions of and at Facility

Cleveland Nursing also seeks to prevent the admission of: (1) evidence that Cleveland Nursing was trying to save money or reduce staff members; (2) evidence that James fell while at the facility; (3) evidence that a staff member struck James; and (4) evidence related to allegedly irrelevant complaints about James' treatment. Doc. #108 at 4–6.

#### 1. *Staffing*

Cleveland Nursing argues that "[a]ny allegations that Cleveland was trying to save money or that Cleveland intentionally reduced its staff members" are inadmissible as lacking "foundation knowledge." Doc. #108 at 4. Cleveland Nursing also contends, without elaboration, that "the prejudicial nature of these statements far exceeds any probative value, especially considering that the statements are nothing more than conjecture." *Id*. Danny responds that he "does not intend to present evidence that Cleveland was trying to save money or intentionally reduce staff" but that some witnesses will testify that they observed fewer staff members providing care for James "beginning around the middle of 2013." Doc. #111 at 4. Danny argues this evidence makes it

more probable that adequate care was not provided. *Id.*

Federal Rule of Evidence 602 provides that "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Insofar as Danny's proposed evidence relates to matters actually observed by the proposed witnesses (the presence of staff members), Cleveland Nursing's argument regarding lack of personal knowledge is without merit.

As to prejudice, Federal Rule of Evidence 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." "[O]nly unfair prejudice, substantially outweighing probative value … permits exclusion of relevant matter under Rule 403." *United States v. Barnes*, 803 F.3d 209, 221 (5th Cir. 2015) (quotation marks and emphases omitted).

Cleveland Nursing has offered no argument as to how evidence that James' family observed fewer staff beginning in 2013 would amount to unfair prejudice. In the absence of such argument, exclusion under Rule 403 is unwarranted, and the motion in limine will be denied with respect to such evidence.

### 2. *James' falls*

Cleveland Nursing moves to exclude James' "falls at the facility or any issues regarding restraints." Doc. #108 at 5. Cleveland Nursing argues that evidence regarding the falls does not relate to any violation of a standard of care, and would be unfairly prejudicial. *Id.* Danny responds that the falls are relevant "so that the jury can understand and appreciate [James'] dependency on Cleveland for his care, particularly where [James] was required to spend more time in his bed recovering from the fall and thereby necessitated a commensurate increase in his

turning/repositioning and other wound prevention protocol." Doc. #111 at 4.

As an initial matter, this Court agrees with Danny that the fact of the falls are relevant to show James' need for care and that this relevance outweighs any potential prejudice. However, as proffered, the relevancy of such evidence does not depend on the *location* of the falls. Accordingly, Danny may introduce evidence that James fell but may not introduce evidence regarding the circumstances of the falls.

### 3. *Alleged abuse*

Cleveland Nursing moves to preclude evidence that a staff member struck James. Doc. #108 at 5. Danny responds that he does not intend to submit such evidence. Doc. #111 at 4. The motion will be denied as moot in this regard.

### 4. *General complaints*

Cleveland Nursing argues:

> [James'] family should be precluded from referencing (a) [James'] diaper or clothes being soiled or wet, (b) the facility's alleged slow response time to [James'] call light, (c) the location of [James'] water pitcher in his room, (d) the decision to discontinue [James'] physical therapy, (e) a dirty straw in [James'] water, (f) food on [James'] person or the floor of his room, (g) instances when other residents entered [James'] room. This information is pure character evidence unrelated to any alleged breaches in the standard of care and is inadmissible.

Doc. #108 at 5. Cleveland Nursing also submits that introduction of such evidence would prejudice the jury. *Id.* at 6.

Danny represents that he does not intend to offer evidence regarding the discontinuation of James' physical therapy, the dirty straw in James' water, or instances when other residents entered James' room. Doc. #111 at 5 n.2. However, Danny contends that he is asserting, and that his expert Kathleen Hill-O'Neill testified, that Cleveland Nursing breached the standard of care by providing inadequate incontinent care and failing to provide adequate hydration, and that "[i]t

6

logically follows that evidence of Cleveland's failure to timely change Mr. Dykes' diapers and to provide accessible water fall within the scope of the breach of the standard of care." *Id*. at 5–6 (footnote omitted). Danny does not expressly address how the remaining categories of evidence are related to the identified breaches.

This Court agrees with Danny that evidence showing that staff did not adequately change James' diapers and did not provide adequate hydration are directly related to the claimed breach of standard of care identified by Hill-O'Neill and that such evidence is admissible for this purpose.[2] The probative value of such evidence far outweighs any prejudice caused by its introduction. To the extent Danny has not argued how the remaining alleged deficiencies in care (the alleged slow response time and food being found on James' person and James' floor) are relevant to the asserted claims, the motion in limine will be granted to the extent it seeks exclusion of such evidence.

### E. Evidence Related to Punitive Damages

Cleveland Nursing, pointing to Mississippi law requiring bifurcation of liability and punitive damage phases of trial, seeks to exclude evidence "relevant only during a punitive damages phase at trial." Doc. #108 at 7.

"[I]n [the] federal system, bifurcation is a case-specific procedural matter within the sole discretion of the district court." *Nester v. Textron, Inc.*, 888 F.3d 151, 163 (5th Cir. 2018). "[A] district court is simply not bound by state law when deciding whether to bifurcate." *Id*. (citing

---

[2] In reaching this conclusion, the Court rejects Cleveland Nursing's argument that the evidence is excludable under Rule 404's prohibition of character evidence. First, it is unclear whether Rule 404 even applies to an entity, such as a corporation. *See* 22B Charles Alan Wright & Arthur R. Miller, FED. PRAC. & PROC. EVID. § 5234 (2d ed. 2018). Even if the rule applied, to the extent the evidence is offered to show an actual breach of the standard of care, rather than an act in conformity with character, it does not run afoul of Rule 404's prohibition of character evidence. *See* Fed R. Evid. 404(a) ("Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait.").

7

*Rosales v. Honda Motor Co.*, 726 F.2d 259, 260 (5th Cir. 1984)).[3] Here, no party has asked this Court to bifurcate the trial and the Court declines to do so sua sponte. Under these circumstances, the motion in limine will be denied.

### F. Comments on Uncalled Witnesses

Cleveland Nursing, pointing to Mississippi law, argues that the "Court should preclude Plaintiffs from criticizing Cleveland for not calling witnesses equally available to Plaintiffs through subpoena." Doc. #108 at 7. In particular, Cleveland anticipates that "Plaintiffs may criticize Cleveland if Cleveland does not call certain of its current or former staff members to testify at trial." *Id*. Danny responds that he does not intend to call attention to uncalled witnesses but that if "Cleveland fails to offer any testimony of proper wound care from employees, Plaintiff should rightfully be permitted to alert the jury to this disparity." Doc. #111 at 8.

Propriety of arguments "is a matter of federal trial procedure" and, therefore, "a federal question." *Baron Tube Co. v. Transp. Ins. Co.*, 365 F.2d 858, 862 (5th Cir. 1966). Under federal law, "[a]lthough a party's failure to call a witness *equally* available to both sides may not be properly commented on, if a party fails to call a witness peculiarly within his control that may shed light on a fact issue, the [opposing party] may properly comment on that failure." *United States v. MMR Corp. (LA)*, 907 F.2d 489, 501–02 (5th Cir. 1990). Of relevance here, an employee of a party is not equally available to both sides. *Id*. at 502. Under this precedent, Danny would be entitled to comment on uncalled employees, although not uncalled former employees, of the defendant who "may shed light on a fact issue." *Id*. Regardless, because Danny only intends to

---

[3] The Fifth Circuit has been inconsistent in applying federal and state law with regard to bifurcation issues. *See State Farm Fire & Cas. Co. v. Woods*, 896 F.Supp. 658, 659 & n.4 (E.D. Tex. 1995) (collecting cases). However, *Rosales*, the case applying federal law, appears to be the earliest decision, and is, therefore, controlling. *Modica v. Taylor*, 465 F.3d 174, 183 (5th Cir. 2006) ("When panel opinions appear to conflict, [a court is] bound to follow the earlier opinion.").

offer commentary on discrepancy of evidence, something he is indisputably entitled to do, the motion in limine will be denied as moot.

### G. Size, Wealth, and Corporate Status of Defendant, and References to Trial Counsel

Cleveland Nursing argues that the Court should exclude references to its size, wealth, and corporate status, which this Court presumes to mean Cleveland Nursing LLC's members, as well as improper references to its trial counsel and the cost of defense. Doc. #108 at 7. Danny responds that he does not intend to offer evidence of Cleveland Nursing's wealth at the liability stage[4] but contends that the other information may be relevant at voir dire to determine potential bias because "[j]urors cannot fully consider what connections they may have with Cleveland and its counsel without some knowledge about their size and scope." Doc. #111 at 8.

During voir dire, Danny is free to inquire whether prospective jurors have connections to either the defendant (including its members) or the defendant's counsel. Such questioning may certainly include inquiries about the identities of Cleveland Nursing's members and its defense counsel but does not require mention of the size or scope of either Cleveland Nursing, the size or scope of defense counsel, or the cost of defense. *See Nelson v. Santander Consumer USA, Inc.*, No. 11-cv-307, 2013 WL 12234542, at *5 (W.D. Wis. June 5, 2013) ("Counsel are required to introduce themselves and identify the law firm they represent in order to determine whether any potential jurors have had dealings with the firm or the individual lawyers. However, if the name of the firm is not familiar to a potential juror, it is difficult to see why knowing the location of every office would make any difference."). Accordingly, the motion will be: (1) denied to the extent it seeks to exclude reference to Cleveland Nursing's corporate structure; (2) denied as moot

---

[4] As explained above, this case has not been bifurcated. A defendant's financial condition must be considered for the purpose of punitive damages "to the extent relevant." Miss. Code Ann. § 11-1-65(1)(e). To the extent the case is not bifurcated and Danny intends to offer such evidence, the Court will consider the admissibility of such evidence at the time of proffer.

to the extent it seeks to exclude reference to Cleveland Nursing's wealth; and (3) granted to the extent it seeks to exclude reference to the size or scope of Cleveland Nursing, the size or scope of defense counsel, or the cost of Cleveland Nursing's defense.

### H. Reference to Previous Lawsuits and Complaints

Cleveland Nursing seeks to exclude any reference to prior lawsuits or complaints filed against it. Doc. #108 at 7. Danny responds that he does not intend to offer such evidence at the liability stage.[5] Doc. #111 at 8. The motion will be denied as moot in this regard.

## IV
## Conclusion

For the reasons above, the motion in limine [108] is **GRANTED in Part, DENIED as moot in Part, and DENIED in Part**. The motion is GRANTED to the extent it seeks exclusion of: (1) lay opinion testimony that James suffered from specific medical conditions; (2) evidence that James fell at the Cleveland Nursing facility; (3) evidence related to Cleveland Nursing's alleged slow response times and food being found on James' person and James' floor; and (4) references to the size and scope of Cleveland Nursing or its counsel, and the cost of Cleveland Nursing's defense. The motion is DENIED as moot to the extent it seeks exclusion of: (1) hearsay testimony from James' healthcare providers; (2) reference to documents not produced by Cleveland Nursing; (3) lay causation opinions regarding James' wounds; (4) evidence that Cleveland Nursing was trying to save money or intentionally reduce staff; (5) evidence that a staff member struck James; (6) commentary on uncalled witnesses; (7) references to Cleveland Nursing's wealth; and (8) reference to previous lawsuits and complaints against Cleveland Nursing. The motion is DENIED in all other respects.

---

[5] To the extent the case is not bifurcated and Danny intends to offer such evidence, the Court will consider the admissibility of such evidence at the time of proffer.

**SO ORDERED**, this 5th day of June, 2018.

                                                **/s/Debra M. Brown**
                                                **UNITED STATES DISTRICT JUDGE**