IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**DANNY DYKES, Individually and on behalf of the Estate and Wrongful Death Beneficiaries of James A. Dykes, Deceased**                                               **PLAINTIFF**

V.                                                                                                                       NO. 4:15-CV-76-DMB-JMV

**CLEVELAND NURSING & REHABILITATION CENTER; and JOHN AND JANE DOES I–X**                                                                                      **DEFENDANTS**

## ORDER

This medical malpractice action is before the Court on Cleveland Nursing & Rehabilitation Center's motion for reconsideration of the ruling on its motion in limine regarding punitive damages evidence. Doc. #116.

## I
### Relevant Procedural History

On April 20, 2015, Danny Dykes filed a complaint in the Circuit Court of Bolivar County, Mississippi, individually and on behalf of the estate and wrongful death beneficiaries of James A. Dykes, deceased, against Cleveland Nursing & Rehabilitation Center and "John and Jane Does I-X." Doc. #2. In his complaint, Danny alleges that James died as a result of negligence while a patient at the defendant's nursing home facility. *Id*. at ¶¶ 7–8, 12. Cleveland Nursing subsequently removed the state action to this Court on the ground of diversity jurisdiction. Doc. #1 at ¶ 4.

On May 15, 2018, following a period of discovery and two unsuccessful motions to compel arbitration by Cleveland Nursing, Cleveland Nursing filed a motion in limine which sought, in part, exclusion of punitive damages-related evidence. Doc. #108 at 6–7. On June 5, 2018, this Court entered an order granting in part and denying in part the motion in limine. Doc. #115. With

respect to the request to exclude the punitive damages evidence, the Court denied exclusion on the grounds that bifurcation is not required under federal law and that no party had moved for bifurcation. *Id*. at 7–8 (citing *Nester v. Textron, Inc.*, 888 F.3d 151, 163 (5th Cir. 2018)). On June 11, 2018, Cleveland Nursing filed a motion seeking reconsideration of the order to the extent it "permits Plaintiffs to introduce evidence that is relevant only to punitive damages during the liability phase of trial." Doc. #116 at 1.

**II**
**Motion for Reconsideration Standard**

As a general rule, requests for reconsideration of interlocutory orders, such as the one at issue here, are properly treated as motions for reconsideration under Federal Rule of Civil Procedure 54(b). *See Helena Labs. Corp. v. Alpha Sci. Corp.*, 483 F.Supp.2d 538, 538 n.1 (E.D. Tex. 2007) ("Alpha's motion was improperly filed under [Rule] 59(e) because no final judgment has been entered. However, it is undisputed that the court has discretion to treat the motion as one for reconsideration under [Rule] 54(b).").

> Although the source of the court's authority to revise or amend an order or judgment is different for interlocutory orders than for final orders or judgments, many of the same policy considerations apply both to motions for reconsideration under Rule 54(b) and to motions for reconsideration under Rule 59(e). Accordingly, district courts … frequently apply the same standards to the two.

*eTool Dev., Inc. v. Nat'l Semiconductor Corp.*, 881 F.Supp.2d 745, 748 (E.D. Tex. 2012) (collecting cases).

Under Fifth Circuit jurisprudence:

> A Rule 59(e) motion calls into question the correctness of a judgment. This Court has held that such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. Rather, Rule 59(e) serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence. Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.

2

*Templet v. HydroChem, Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004) (quotation marks, alterations, and citations omitted).

### III
### Analysis

In its motion for reconsideration, Cleveland Nursing:

> requests that the Court grant its Motion to Reconsider for two reasons: (1) The Mississippi statute at issue is substantive, not procedural; and furthermore, (2) Plaintiff does not oppose Cleveland's request that punitive evidence be excluded from the liability phase of trial. In the alternative, Cleveland requests that the Court construe the relevant portion of its Motion in Limine as a motion to bifurcate, and grant that motion to bifurcate.

Doc. #116 at 1 (footnote and emphasis omitted).

As to its first reason, Cleveland Nursing argues that *Nester*, the case relied on by this Court, "is inapplicable, because it dealt with a Texas rule of procedure. By contrast, the Mississippi statute that requires bifurcation is substantive, because it limits the circumstances under which punitive damages can be awarded." *Id*. at 1–2. Cleveland Nursing further submits that "[f]ederal district courts in Mississippi have repeatedly recognized that the punitive damage statute is substantive, not procedural. *Nester* makes no mention of these cases, and certainly does not overrule them." *Id*. at 2 (citations omitted).

Cleveland Nursing's position suffers from at least two deficiencies. First, by arguing that this Court must apply the Mississippi punitive damages statute because the law is substantive, Cleveland Nursing appears to believe that the question of which law applies to bifurcation is governed by an *Erie* analysis. It is not. *Rosales v. Honda Motor Co., Ltd.*, 726 F.2d 259, 260–61 (5th Cir. 1984). Rather, the question of whether to apply federal law to a question of bifurcation is governed by the analysis in *Hanna v. Plumer*, 380 U.S. 460 (1965). *Rosales*, 726 F.2d at 260–61. Under *Hanna*, a court will "not wade into *Erie*'s murky waters unless the federal rule is

3

inapplicable or invalid." *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010). In this case, there is no contention that Federal Rule of Civil Procedure 42, the applicable federal rule, is inapplicable or invalid.[1]

Second, while *Nester* dealt with a Texas statute, nothing in its language or analysis, which held broadly that "a district court is simply not bound by state law when deciding whether to bifurcate,"[2] and included a citation to a Second Circuit case, suggests that the holding was limited to Texas law. The failure to expressly overrule certain unpublished district court cases holding otherwise does not suggest that such district court cases were, or remain, good law on the issue of bifurcation.

Therefore, the Court concludes that it retains discretion to bifurcate this trial. In the exercise of this discretion, and upon consideration of the plaintiff's non-opposition to bifurcation, the Court will sua sponte[3] bifurcate the trial in this matter. Necessarily, the plaintiff will be precluded from introducing purely punitive damages evidence during the liability phase of trial. The motion for reconsideration [116] is **GRANTED** in this limited respect.

**SO ORDERED**, this 12th day of June, 2018.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[1] The Court notes that the district court opinions cited by Cleveland Nursing were decided before *Nester* and did not apply a *Hanna* analysis.

[2] 888 F.3d at 162–63.

[3] The Court declines to construe the motion in limine as a motion for bifurcation, particularly when the request for bifurcation was made after the motions deadline.