IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**DANNY DYKES, Individually and on
behalf of the Estate and Wrongful Death
Beneficiaries of James A. Dykes, Deceased**                                    **PLAINTIFF**

**V.**                                                                          **NO. 4:15-CV-76-DMB-JMV**

**CLEVELAND NURSING &
REHABILITATION CENTER; and
JOHN AND JANE DOES I–X**                                                       **DEFENDANTS**

## ORDER

This negligence action is before the Court on Cleveland Nursing & Rehabilitation Center's "Emergency Motion to Exclude Testimony of Newly Identified Witnesses and for Expedited Briefing Schedule and Hearing." Doc. #119.

## I
## Relevant Procedural History[1]

On April 20, 2015, Danny Dykes filed a complaint in the Circuit Court of Bolivar County, Mississippi, individually and on behalf of the estate and wrongful death beneficiaries of James A. Dykes, deceased, against Cleveland Nursing & Rehabilitation Center and "John and Jane Does I-X." Doc. #2. In his complaint, Danny alleges that James died as a result of negligence while a patient at the defendant's nursing home facility. *Id.* at ¶¶ 7–8, 12. Cleveland Nursing subsequently removed the state action to this Court on the ground of diversity jurisdiction. Doc. #1 at ¶ 4.

### A. Discovery and Initial Supplementation

As part of the discovery process, Cleveland Nursing, on June 26, 2015, and then again on February 22, 2016, produced to Danny's counsel James' medical records. Included in the medical

---

[1] In formulating the relevant procedural history, the Court relied on the exhibits submitted by the parties and the undisputed representations of counsel.

records were staff reports for services provided to James, such as feedings and baths, at "Facility: 55 – Cleveland Nursing and Rehab." *See, e.g.,* Doc. #122-1. Each entry on a staff report included a "UserID," which is comprised of the number 55 followed by one or two letters and what appears to be a surname. *Id.* Of relevance here, the staff reports included the following UserIDs: (1) 55cpbrown; (2) 55bbass; (3) 55smiller; (4) 55zrome; (5) 55kbuckner; (6) 55dwright; and (7) 55rpippins. *Id.*[2]

On October 18, 2017, Danny responded to Cleveland Nursing's Interrogatory No. 4, which requested a list of Danny's "may call" witnesses and a summary of each witness' proposed testimony. Doc. #121-1 at 5–7, 16. Danny's response listed certain individuals and reserved the right "to call to testify … any person identified by Cleveland in its discovery responses." *Id.* at 7. Approximately a month later, on November 16, 2017, Cleveland Nursing responded to Danny's Interrogatory No. 1, which requested identification of "all individuals … employed at Cleveland from approximately November 12, 2012 to September 3, 2014 …." Cleveland Nursing's response identified 133 individuals, including eight former employees: Betty Bass, Chaquita Pomerlee, Dionne Wright, Christopher Brown, Kourlencia Buckner, Rose Pippins, Starleana Miller, and Zorana Rome (collectively, "Supplemental Witnesses").

On February 8, 2018, the discovery deadline, the parties filed supplemental responses to interrogatories. Doc. #87; Doc. #89. In his supplemental response to Cleveland Nursing's Interrogatory No. 4, Danny reserved the right to call "any person identified by Cleveland in its discovery responses …." Doc. #121-1 at 23.

### B. Pretrial Conference and Second Supplementation

On May 21, 2018, counsel for the parties met to formulate a proposed pretrial order for a

---

[2] The UserID for "55rpippins" does not appear in the two-page report submitted to this Court. However, there is no dispute that this UserID appears in the medical records provided to Danny's counsel.

2

May 29, 2018, pretrial conference before United States Magistrate Judge Jane M. Virden. During this meeting, Danny's counsel identified as potential witnesses nineteen individuals, including the eight Supplemental Witnesses, from the list of 133 past or current employees provided by Cleveland Nursing in response to Danny's Interrogatory No. 1.

At the pretrial conference, Cleveland Nursing's counsel objected to inclusion of the nineteen witnesses on the grounds that calling all nineteen witnesses would unnecessarily prolong the trial. In response to this argument, Judge Virden directed Danny to supplement his discovery response to include the identified witnesses and their proposed testimony. Judge Virden also directed the parties to submit a proposed pretrial order on or before June 11, 2018.

On June 11, 2018, Danny served on Cleveland Nursing a second supplemental response to Cleveland Nursing's Interrogatory No. 4. Doc. #119-1. The supplemental response listed the Supplemental Witnesses as potential witnesses and provided the following summary for their testimony:

> These individuals, if called, will provide testimony related to the care they provided or were unable to provide to Mr. Dykes, including but not limited to turning and repositioning, cleaning, and hygiene. They will also discuss staffing issues within the facility and how it impacted their ability to provide care to residents, including Mr. Dykes.

*Id.* at 5. The same day, the parties submitted to the Court a proposed pretrial order which, in the section for pending motions, included the statement, "Cleveland will be filing a Motion to Strike Discovery Supplementation."

Two days later, on June 13, 2018, Cleveland Nursing filed an "Emergency Motion to Exclude Testimony of Newly Identified Witnesses and for Expedited Briefing Schedule and Hearing." Doc. #119. The motion

> requests that this Court order that Plaintiff's late supplementation of his responses to Cleveland's Second Interrogatories be struck, and further order that those newly

3

identified witnesses be unable to testify at trial in this matter. Cleveland further requests that this matter be briefed and heard on an expedited basis.

*Id.* at 6.

In accordance with the request for expedited hearing, this Court entered an order directing expedited briefing on Cleveland Nursing's motion. Doc. #120. Consistent with the abbreviated schedule, Danny responded in opposition to the motion on June 15, 2018, and Cleveland Nursing replied on June 18, 2018. Doc. #121; Doc. #123.

## II
## Analysis

Cleveland Nursing's motion seeks two forms of relief: (1) an order striking Danny's June 11, 2018, supplemental response; and (2) exclusion of the Supplemental Witnesses from testifying at trial. However, Cleveland Nursing cites no case law and offers no argument which would justify striking the June 11 supplemental response, which was expressly authorized by Judge Virden.[3] Accordingly, the request to strike will be denied and this Court will focus its inquiry on the request to exclude. In this regard, Cleveland Nursing argues the witnesses should be excluded because they were untimely identified and because allowing them to testify would "subvert the Court's prior ruling excluding expert staffing opinions." Doc. #119 at 4.

### A. Exclusion as Untimely

Pursuant to Federal Rule of Civil Procedure 26(e)(1):

A party who has made a disclosure under Rule 26(a)--or who has responded to an interrogatory, request for production, or request for admission--must supplement or correct its disclosure or response:

> (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties

---

[3] *See* Fed. R. Civ. P. 26(e)(1)(B) (party "must supplement or correct its disclosure or response … as ordered by the court").

4

> during the discovery process or in writing; or
> (B) as ordered by the court.

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Cleveland Nursing argues that the Supplemental Witnesses should be excluded from testifying because they were untimely disclosed without justification and because the untimely disclosure is not harmless. Danny responds that the disclosure was timely and that, even if it was not, the failure to disclose was harmless.

### 1. Timeliness

Federal Rule of Civil Procedure 26(e) requires a party to timely supplement a discovery response "if the party learns that in some material respect the … response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Danny argues there was no disclosure violation as to the Supplemental Witnesses because his initial response reserved the right to call "any person identified by Cleveland in its discovery responses," and because his February 8 supplemental response listed "[a]ny current or former caregivers identified during discovery of this cause" and "[a]ny persons identified by either party during discovery of this cause as having factual information related to this matter." Doc. #121-1 at 7, 23.

First, as pointed out by Cleveland Nursing, courts have routinely found broad categorizations of witnesses, such as those at issue here, to be insufficient to identify witnesses. *See J.M. v. Mgmt. & Training Corp.*, No. 3:15-cv-841, 2017 WL 5659951, at *3 (S.D. Miss. June 5, 2017) (identification of "any person identified in the pleadings, written discovery responses, or documents produced" insufficient); *McKnight v. Hagel*, No. 14-cv-1214, 2015 WL 11438190, at

5

*3 (S.D. Cal. June 25, 2015) ("reserv[ation of] the right to call as witnesses all persons listed on 'Miramar Commissary—Employees of Board as of 12/31/2012" insufficient); *Watts v. 84 Lumber Co.*, No. 14-cv-327, 2016 WL 7732936, at *1 (S.D. Ill. Feb. 12, 2016) ("The Court finds that the vague and boilerplate identification of categories of potential witnesses is insufficient and inconsistent with the spirit and purpose of Rule 26."). Furthermore, even if the original response or February supplement was sufficient to identify the Supplemental Witnesses, which they were not, such disclosures would still be insufficient because none included a summary of potential testimony, as requested by Cleveland Nursing's Interrogatory No. 4. *See Zuniga v. Bernalillo Cty.*, No. 11-877, 2013 WL 3328692, at *7 (D.N.M. Mar. 21, 2013) ("Plaintiffs' supplemental answer identifies 'witnesses on the enclosed spreadsheet,' and 'any witness identified in Plaintiffs' initial disclosures.' Neither of these categories of witnesses describes the nature of their knowledge and information.") (alterations omitted). Accordingly, the Court finds that neither Danny's original response nor his February supplement were sufficient to disclose the Supplemental Witnesses. Therefore, the question becomes whether the substance of Danny's June 2018 supplement specifically identifying the Supplemental Witnesses and their potential testimony was "timely" within the meaning of Rule 26(e).

As a general rule, "[a] supplemental disclosure under Rule 26(e)(1)(A) is timely if it is made as soon as possible" after the party learns of the deficiency. *Bruhn Farms Joint Venture v. Fireman's Fund Ins. Co.*, No. 13-cv-4106, 2017 WL 632105, at *4 (N.D. Iowa Feb. 13, 2017) (quotation marks omitted) (collecting cases). A party learns of a deficiency when he "should have been aware of" the need to disclose. 6 MOORE'S FEDERAL PRACTICE - Civil § 26.131[3] (2018).

Here, the identities of the Supplemental Witnesses were made known to Danny no later than November 16, 2017, when Cleveland Nursing disclosed the identities of its relevant

employees, including the Supplemental Witnesses. While Danny represents he needed time to "vet[], locat[e], and interview[] certain of the 133 caregivers identified," there is simply no indication this process implicated the Supplemental Witnesses or required anywhere near the seven months between the date of disclosure and the date of supplementation. Doc. #121 at 8. Accordingly, the Court concludes that the supplementation was not made as soon as possible and, thus, was not timely within the meaning of Rule 26(e). For this reason, exclusion of the Supplemental Witnesses is required unless the failure to disclose may be deemed harmless.[4]

### 2. Harmlessness

"In evaluating whether a violation of Rule 26 is harmless, … this Circuit considers four factors: (1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Bailey v. Shell W. E&P Inc.*, 609 F.3d 710, 729 (5th Cir. 2010) (internal quotation marks omitted).

#### a. Importance of evidence

Danny argues:

> The witnesses' testimony is central to Plaintiffs' case. The former employees are expected to provide testimony related to the care they provided—or were unable to provide—to Mr. Dykes, (including turning and repositioning, cleaning, and hygiene), and to discuss their personal knowledge of staffing issues which directly affected their ability to provide care to residents, including James Dykes specifically. While Mr. Dykes' family members will testify to the lack of care and staffing they personally observed, no witness can replicate the impact of hearing such evidence from Cleveland's own staff, whose testimony will provide powerful evidence on the lack of treatment and care given to James Dykes. The exclusion of such evidence would cause extreme prejudice to Plaintiffs' case.

Doc. #121 at 9–10. In essence, Danny argues the proposed testimony is important but overlaps with other evidence. Under such circumstances, the importance factor "weighs slightly in favor

---
[4] Danny does not argue that the failure to disclose was justified.

7

of preclusion." *Lujan v. Cabana Mgmt., Inc.*, 284 F.R.D. 50, 75 (E.D.N.Y. 2012).

*b. Prejudice*

Cleveland Nursing argues it would be prejudiced by allowing the Supplemental Witnesses to testify because (1) the witnesses will offer testimony on staffing, which is not an issue before the Court; and (2) Cleveland Nursing has not had the opportunity to depose any of the witnesses, and will not have an opportunity to do so.

With regard to staffing, Judge Virden issued an order excluding evidence proffered by Danny that purported to show Cleveland Nursing was inadequately staffed. Doc. #101. However, this Court has not, at this point, excluded evidence of staffing generally. Indeed, this Court declined to exclude in limine testimony from various Dykes family members about a reduction in staffing levels in Cleveland Nursing. *See* Doc. #115 at 4–5. In so holding, this Court rejected Cleveland Nursing's argument that the Dykes family members lacked personal knowledge of the alleged reduction. *Id*. at 5. The Court also declined to exclude the evidence under Federal Rule of Evidence 403 because "Cleveland Nursing … offered no argument as to how [the] evidence… would amount to unfair prejudice." *Id*. The order did not, however, address the relevance of evidence on staffing, which was not expressly challenged in the motion in limine.

This Court is skeptical of the relevance of anecdotal lay testimony of staffing. However, even if the testimony may have some marginal relevance and would not be excluded as unduly prejudicial, the fact remains that the Supplemental Witnesses were disclosed after the discovery deadline and approximately a month before trial. Cleveland Nursing argues that disclosure at such a late date has prevented them from deposing the Supplemental Witnesses. Danny responds that Cleveland Nursing has had approximately a month to interview the witnesses, and "has always known that the nurses and staff with direct knowledge of the care and treatment provided to Mr.

Dykes might testify in this case." Doc. #121 at 12.

An inability to depose potential witnesses "strongly suggests that [an opposing party] would be prejudiced by allowing them to testify at trial." *In re Sambrano*, 440 B.R. 702, 708–09 (Bankr. W.D. Tex. 2010) (collecting cases). While Danny suggests that Cleveland Nursing should have deposed all 133 disclosed witnesses based on his inadequate supplemental disclosure, he offers no authority for this proposition. Furthermore, while the ability to interview a current employee may negate prejudice arising from an inability to depose,[5] none of the Supplemental Witnesses are current employees of Cleveland Nursing and there is no indication that any, much less all, would submit to an interview. Under these circumstances, the Court concludes that the prejudice factor weighs in favor of exclusion.[6]

### c. Possibility of continuance

A "continuance [is] the preferred means of dealing with a party's attempt to designate a witness out of time or offer new evidence." *Bradley v. United States*, 866 F.2d 120, 127 n.11 (5th Cir. 1989) (collecting cases). However, courts have generally found a continuance to be unavailable where, as here, disclosure of the evidence is made on the eve of trial. *See, e.g., Fountain v. Big River Lumber Co. LLC*, No. 5:16-cv-79, 2018 WL 401539, at *4 (S.D. Miss. Jan. 12, 2018) ("[W]ith trial in eleven … days, a continuance is not warranted.") (citing *Geiserman v. MacDonald*, 893 F.2d 787, 792 (5th Cir. 1990)); *Koenig v. Beekmans*, No. 5-15-cv-822, 2018 WL 297616, at *6 (W.D. Tex. Jan. 4, 2018) ("Continuing trial at this late stage and re-opening the discovery and expert designation deadlines would force Beekmans to incur additional costs and impair the integrity of the Court's Scheduling Order."). Accordingly, the Court finds the third

---

[5] *See Mascagni v. Schlumberger Tech Corp.*, No. 16-439, 2017 WL 4127714, at *4 (W.D. La. Sept. 15, 2017).

[6] In reaching this conclusion, the Court rejects Danny's unsupported assertions that Cleveland Nursing's failure to raise arguments of prejudice during informal discussions precludes it from raising such an argument now.

9

factor also weighs in favor of exclusion.

### d. Explanation for failure to disclose

As explained above, Danny argues the delay in disclosure is attributable to his counsel's need to vet and interview 133 present and former staff members. However, as also explained above, Danny has failed to specify when in this process he identified the Supplemental Witnesses as potential witnesses. In the absence of such, the Court concludes that the final factor also weighs in favor of exclusion.

### e. Balancing

Because all four factors weigh in favor of exclusion, the Court concludes that the Supplemental Witnesses must be excluded under Rule 37(c)(1).

## B. Staffing Opinions

Having found that exclusion is warranted under Rule 37, the Court declines to address whether exclusion would also be proper under the Court's order excluding Danny's expert reports regarding staffing at the facility.

## III
## Conclusion

For the reasons above, the emergency motion to strike [119] is **GRANTED in Part and DENIED in Part**. The motion is DENIED to the extent it requests an order striking Danny's June 11 supplemental disclosures. The motion is GRANTED to the extent it seeks to exclude the Supplemental Witnesses from testifying at trial and to the extent it sought expedited briefing and hearing.

**SO ORDERED**, this 20th day of June, 2018.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**